# Substantial Building and Loan Association *v.* Real Estate Title Insurance and Trust Company of Philadelphia, Appellant.

*Negotiable instruments—Checks—Negotiation by treasurer—Authority of.*

In an action of assumpsit against a drawee bank for the alleged improper payment of a check, judgment should be entered in favor of the defendant, where the check was cashed in due course, in the absence of notice that the treasurer of the company, who negotiated the same, had exceeded his authority.

Argued October 22, 1924.   Appeals, Nos. 181 and 182, Oct. T., 1924, by defendant, from judgment of the Municipal Court of Philadelphia, Oct. T., 1922, Nos. 803 and 804, on verdict for plaintiff in the case of Substantial Building and Loan Association v. Real Estate Title In-

surance and Trust Company of Philadelphia. Before
ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER,
LINN and GAWTHROP, JJ. Reversed.

Assumpsit for check improperly paid. Before CAS-
SIDY, J., without a jury.

The facts are stated in the opinion of the Superior
Court, and in the report of the former appeal, in 82
Pa. Superior Ct. 211.

The court entered judgment in favor of the plaintiff
in the sum of $1,156.06. Defendant appealed.

*Error assigned* was, among others, refusal of defend-
ant's motion for judgment n. o. v.

*Maurice W. Sloan,* and with him *Stanley B. Rice,* for
appellant.

*Albert L. Moise,* for appellee.

OPINION BY LINN, J., November 17, 1924:

When this case was here before on appeal from judg-
ment entered on the pleadings pursuant to section 20
of the Practice Act, we decided that plaintiff should have
an opportunity, if the facts justified it, of amending
the statement of claim, which the court below had held
defective in not stating a cause of action; we accordingly
reversed: see 82 Pa. Superior Ct. 211, where the facts are
stated. In the opinion we said that the statement of
claim contained "no averment that defendant had notice
before payment to such holder that plaintiff's treasurer
after making the authorized endorsement exceeded his
authority then to deal with the check." Apparently to
meet that omission, plaintiff amended by adding an aver-
ment stating its by-law specifying the duties of its treas-
urer, with an allegation that defendant had constructive
notice of it. There was no averment that defendant had
actual notice of any breach of duty by the treasurer.

The by-law provides: "The duties of the treasurer shall be to receive and take charge of all moneys paid into the association, to deposit the same in a bank to be designated by the board of directors, to pay all orders drawn on him by order of the board of directors, if signed by the president and attested by the secretary; he shall receive and hold in trust for the association, all mortgages, bonds, policies of insurance, securities, etc., upon all properties upon which money has been loaned by the association; he shall give a corporate bond in a sum to be fixed by the board of directors for the faithful performance of his duties before entering thereon, and shall renew the same whenever required to do so by the board of directors, and at the expiration of his term of office he shall deliver to his successor in office, all moneys, books and papers in his possession belonging to the association." Issue was joined, jury trial waived, and the court found for plaintiff.

Plaintiff's receipt of the check and the genuineness of the treasurer's endorsement being conceded, its negotiation might be completed by delivery, pursuant to the statute, as we said in our former opinion. There is nothing to the contrary in the by-law prescribing the treasurer's duties. Actual notice to defendant of alleged abuse of authority by plaintiff's treasurer was neither averred in the statement of claim nor shown in the evidence. It was suggested at the argument that some significance be attached to the word "cashed," which was stamped on the check; there is nothing in the record to show how that could constitute notice of alleged abuse of the treasurer's authority. As the case is destitute of evidence to support the judgment, we cannot sustain it.

Judgment reversed and here entered for defendant.